John Houston Scott (SBN 72578)
Lizbeth N. de Vries (SBN 227215)
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel:  (415) 561-9601
Fax:  (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net

Attorneys for Plaintiff,
MEGAN SHEEHAN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MEGAN SHEEHAN<br><br>          Plaintiff,<br>v.<br><br>BAY AREA RAPID TRANSIT, NOLAN PIANTA, and DOES 1-20, inclusive.<br><br>          Defendants. | Case No.:  C 14-03156 LB<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>[42 U.S.C. § 1983; Cal. Civ. Code § 52.1; Negligence]<br><br>***JURY TRIAL DEMANDED*** |

PLAINTIFF MEGAN SHEEHAN complains of Defendants and alleges as follows:

**JURISDICTION AND VENUE**

1.     This action arises under 42 U.S.C. §1983. Jurisdiction is conferred by virtue of 28 U.S.C. §§ 1331 and 1343. Supplemental jurisdiction for claims under state laws including Cal. Civ. Code § 52.1 and negligence is authorized under 28 U.S.C. § 1367.

2.     The conduct alleged herein occurred in Alameda County. Venue of this action lies in the United States District Court for the Northern District of California.

- 1 -

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## PARTIES

3. At all relevant times, plaintiff Megan Sheehan resided in the City and County of San Francisco, California.

4. Defendant Bay Area Rapid Transit ("BART") was a public agency organized and existing under the laws of the State of California which includes the BART Police Department.

5. Defendant Nolan Pianta was an officer working for the BART Police Department, acting within the course and scope of his employment, under color of law, at all relevant times.

6. Plaintiff does not presently know the true names and capacities of defendants DOES 1 through 20, inclusive, and therefore sues them by these fictitious names. Plaintiff is informed and believes that DOES 1 through 20, and each of them, were responsible in some manner for the acts or omissions alleged herein. Plaintiff will seek leave to amend this Complaint to add their true names and capacities when they have been ascertained.

7. In doing the acts and/or omissions alleged herein, defendants and each of them acted under color of authority and/or under color of state law, and, in concert with each other.

## STATEMENT OF FACTS

8. Plaintiff alleges on information and belief that at all times mentioned herein, and to this date, Nolan Pianta, (#061709) and B. Trabinino (#061462) were and are police officers employed by the BART Police Department ("BART PD").

9. On March 17, 2014, female plaintiff Megan Sheehan was traveling on BART when she exited a train in Oakland, and, was arrested by BART PD Officer Trabinino. BART PD Officer Pianta transported her to the Santa Rita Jail. On route, Sheehan urinated in a police car.

10. Upon arrival at the Santa Rita Jail, in the booking area, BART PD Officer Pianta beat Sheehan until she lost consciousness. This beating caused plaintiff serious head injuries including but not limited to fracturing four of her cheek bones, splitting her molar, and cracking a front tooth.

11. Sheehan was taken in an ambulance to Eden Medical Center in Castro Valley where Sheehan was treated and required hospital care and treatment for two days.

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

12. Eden's March 19, 2014 discharge papers identify her "final diagnoses" as follows:

Principal Problem:
   Fx Left orbital floor blowout

Active Problems:
   LOC (loss of consciousness)
   Fx: Left maxillary depressed comminuted anterior wall, nondisplaced medial wall, displaced lateral wall
   Left orbital wall lateral displaced communited fx
   Fx: medial wall Right maxillary antrum
   Concussion with brief loss of consciousness
   Eyelid laceration
   Lip laceration

13. Plaintiff returned to Santa Rita Jail before being released on bail.

14. No criminal charges were ever filed against the plaintiff.

15. Plaintiff submitted a tort claim to BART dated August 26, 2014.

### STATEMENT OF DAMAGES

16. As a result of the acts and/or omissions of defendants, and each of them, plaintiff suffered and will continue to suffer general damages including pain and suffering, fear, anxiety, humiliation, and emotional distress in an amount to be determined according to proof. Plaintiff also received serious permanent physical injuries which impact her quality of life and daily life activities in an amount to be determined according to proof.

17. Plaintiff has also incurred and will continue to incur medical and dental treatment and related expenses in amounts to be determined according to proof.

18. Plaintiff has further suffered lost wages and employment opportunities in amounts to be determined according to proof.

19. The acts and/or omissions of the individual defendants including Nolan Pianta were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of the plaintiff, who seeks punitive and exemplary damages against these individuals according to proof.

20. Plaintiff has retained private counsel to represent her in this matter and will seek an award of attorneys' fees and costs as permitted by law.

## CAUSES OF ACTIONS
### FIRST CAUSE OF ACTION
[42 U.S.C. §1983—Fourth Amendment]

21. Plaintiff re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

22. Plaintiff alleges on information and belief that the Officer Pianta and Does 1-20 (hereafter the "individual" defendants) were acting under color of state law and in the course and scope of their employment.

23. In doing the acts and/or omissions alleged herein, the individual defendants used intentional and unreasonable force against Megan Sheehan in violation of her rights under the Fourth Amendment to the United States Constitution.

24. Defendants' use of excessive force was a substantial factor in causing plaintiff's harm.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
[42 U.S.C. §1983—Fourteenth Amendment]

25. Plaintiff re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

26. In doing the acts and/or omissions alleged herein, the individual defendants were deliberately indifferent to plaintiff's health and safety in violation of the Fourteenth Amendment to the United States Constitution. Alternatively, these defendants acted with a purpose to harm the plaintiff, unrelated to any legitimate police purpose.

27. Defendants' use of punitive excessive force was a substantial factor in causing plaintiff's harm.

WHEREFORE, plaintiff prays for relief as set forth herein.

### THIRD CAUSE OF ACTION
[42 U.S.C. §1983—*Monell* Liability]

28. Plaintiff re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

29. Municipal defendant BART was responsible for ensuring the health and safety of the individuals placed in its custody. This included but was not limited to protecting those in custody from excessive or punitive uses of force.

30. Plaintiff alleges on information and belief that the acts or omissions of the individual defendants were caused by the municipal defendant's: (1) customs or *de facto* policies which authorized, encouraged and/or condoned using excessive or punitive force in violation of the Fourth and/or Fourteenth Amendments to the United States Constitution; and/or (2) failure to promulgate appropriate policies with respect to the use of excessive or punitive force; and/or (3) deliberate indifference to the use of excessive or punitive force; and/or (4) inadequate and arbitrary training, supervision, and/or discipline of officers regarding the use of force; and/or (5) ratification by final decision-makers. These failures and actions constituted deliberate indifference to the municipal defendants' obligation to insure the preservation and protection of an individual's constitutional rights.

31. Plaintiff alleges on information and belief that the municipal defendant knew or should have known that its acts and omissions would likely result in a violation of the Fourth and Fourteenth Amendment rights of a person in Ms. Sheehan's situation.

32. Plaintiff alleges on information and belief that the municipal defendant's acts and omissions were a moving force in the deprivation of Ms. Sheehan's constitutional rights and injuries she suffered.

WHEREFORE, plaintiff prays for relief as set forth herein.

**FOURTH CAUSE OF ACTION**
[Cal. Civ. Code §52.1]

33. Plaintiff re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

34. In doing the acts and/or omissions alleged herein, Officer Pianta and the individual defendants and municipal defendant through *respondeat superior* committed acts of violence against Ms. Sheehan in violation of her rights under the Fourth Amendment and Fourteenth Amendment to the United States Constitution.

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

35. Defendants' conduct was a substantial factor in causing plaintiff's harm.

WHEREFORE, plaintiff prays for relief as set forth herein.

### **FIFTH CAUSE OF ACTION**
[Negligence]

36. Plaintiff re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

37. Defendants had a duty to plaintiff while she was in their exclusive care and custody.

38. Defendants breached their duty of care.

39. Defendants' acts and omissions were a substantial factor in causing plaintiff's harm.

### **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against defendants, as follows.

1. For compensatory and economic damages according to proof;
2. For general damages according to proof;
3. For an award of punitive and exemplary damages against individual defendants according to proof;
4. For an award of attorneys' fees and costs;
5. Injunctive relief to remedy the unlawful practices alleged herein; and,
6. For other and further relief as the Court may deem just, necessary and appropriate.

### **JURY TRIAL DEMAND**

Plaintiff hereby requests a jury trial on all issues so triable.

Dated:  October 27, 2014                         /s/ Lizabeth N. de Vries
                                                 Lizabeth N. de Vries
                                                 Attorney for Plaintiff

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109