OWEN T. ROONEY, ESQ. (Bar No. 127830)  [G.C. 6103]
EDRINGTON, SCHIRMER & MURPHY
The Terraces
2300 Contra Costa Blvd., Suite 450
Pleasant Hill, CA  94523
Telephone:  (925) 827-3300

Attorney for Defendants
BAY AREA RAPID TRANSIT DISTRICT
and NOLAN PIANTA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO BRANCH

| | |
|---|---|
| MEGAN SHEEHAN,<br><br>    Plaintiff,<br><br>    v.<br><br>BAY AREA RAPID TRANSIT DISTRICT,<br>NOLAN PIANTA, and DOES1-20, inclusive.<br><br>    Defendants.<br>_____/ | Case No.  C14-03156 LB<br><br>**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT - JURY TRIAL DEMANDED** |

**JURY TRIAL DEMAND**

Defendants hereby demand a jury trial in this case.

**ANSWER**

COMES NOW defendants BAY AREA RAPID TRANSIT DISTRICT and NOLAN PIANTA and in answer to plaintiff's Second Amended Complaint, for damages responds as follows:

   1.    Answering paragraph 1 of the Second Amended Complaint, defendants admit jurisdiction is proper in this Court.

   2.    Answering paragraph 2 of the Second Amended Complaint, defendants admit venue is proper in this Court.

1

Case No. C14-03156 LB – Answer to Second Amended Complaint - Jury Trial Demanded

3. Answering paragraph 3 of the Second Amended Complaint, defendants respond that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them

4. Answering paragraph 4 of the Second Amended Complaint, defendants admit the allegations in this paragraph.

5. Answering paragraph 5 of the Second Amended Complaint, defendants admit the allegations in this paragraph.

6. Answering paragraph 6 of the Second Amended Complaint, defendants respond that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them.

7. Answering paragraph 7 of the Second Amended Complaint, defendants respond that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them.

8. Answering paragraph 8 of the Second Amended Complaint, defendant BART admits that it employed Officer Pianta.

9. Answering paragraph 9 of the Second Amended Complaint, defendants lack sufficient information to admit that plaintiff had been travelling on BART. Defendants admit the remaining allegations in this paragraph.

10. Answering the first sentence in paragraph 10 of the Second Amended Complaint, defendants deny that Officer Pianta "beat Sheehan" as alleged in the first sentence. Defendants lack sufficient information to respond to the remaining allegations in this paragraph and therefore denies them.

11. Answering paragraph 11 of the Second Amended Complaint, defendants respond that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them.

12. Answering paragraph 12 of the Second Amended Complaint, defendants respond that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them.

1    13.    Answering paragraph 13 of the Second Amended Complaint, defendants
2 respond that it lacks sufficient information to admit the allegations in this paragraph and
3 therefore denies them.
4    14.    Answering paragraph 14 of the Second Amended Complaint, defendants
5 respond that it lacks sufficient information to admit the allegations in this paragraph and
6 therefore denies them.
7    15.    Answering paragraph 15 of the Second Amended Complaint, defendants deny
8 the allegations in this paragraph.
9    16.    Answering paragraph 16 of the Second Amended Complaint, defendants deny
10 the allegations in this paragraph.
11    17.    Answering paragraph 17 of the Second Amended Complaint, defendants deny
12 the allegations in this paragraph.
13    18.    Answering paragraph 18 of the Second Amended Complaint, defendants deny
14 the allegations in this paragraph.
15    19.    Answering paragraph 19 of the Second Amended Complaint, defendants deny
16 the allegations in this paragraph.
17    20.    Answering paragraph 20 of the Second Amended Complaint, defendants deny
18 the allegations in this paragraph.
19    21.    Answering paragraph 21 of the Second Amended Complaint, defendants deny
20 the allegations in this paragraph.
21    22.    Answering paragraph 22 of the Second Amended Complaint, defendants
22 respond that it lacks sufficient information to admit the allegations in this paragraph and
23 therefore denies them.
24    23.    Answering paragraph 23 of the Second Amended Complaint, defendants deny
25 the allegations in this paragraph.
26    24.    Answering paragraph 24 of the Second Amended Complaint, defendants deny
27 the allegations in this paragraph.
28

1     25. Answering paragraph 25 of the Second Amended Complaint, defendants deny
2 the allegations in this paragraph.
3     26. Answering paragraph 26 of the Second Amended Complaint, defendants deny
4 the allegations in this paragraph.
5     27. Answering paragraph 27 of the Second Amended Complaint, defendants deny
6 the allegations in this paragraph.
7     28. Answering paragraph 28 of the Second Amended Complaint, defendants deny
8 the allegations in this paragraph.
9     29. Answering the first sentence in paragraph 29 of the Second Amended
10 Complaint, defendants deny the allegations in this sentence.
11     Answering the second sentence in paragraph 29 of the Second Amended Complaint,
12 defendants admit it must protect those in custody from "excessive" force, but denies the
13 remaining allegations in this sentence.
14     30. Answering paragraph 30 of the Second Amended Complaint, defendants deny
15 the allegations in this paragraph.
16     31. Answering paragraph 31 of the Second Amended Complaint, defendants deny
17 the allegations in this paragraph.
18     32. Answering paragraph 32 of the Second Amended Complaint, defendants deny
19 the allegations in this paragraph.
20     33. Answering paragraph 33 of the Second Amended Complaint, defendants deny
21 the allegations in this paragraph.
22     34. Answering paragraph 34 of the Second Amended Complaint, defendants deny
23 the allegations in this paragraph.
24     35. Answering paragraph 35 of the Second Amended Complaint, defendants deny
25 the allegations in this paragraph.
26     36. Answering paragraph 36 of the Second Amended Complaint, defendants deny
27 the allegations in this paragraph.
28

1    37.    Answering paragraph 37 of the Second Amended Complaint, defendants
2 respond that it lacks sufficient information to admit the allegations in this paragraph and
3 therefore denies them deny the allegations in this paragraph.
4    38.    Answering paragraph 38 of the Second Amended Complaint, defendants deny
5 the allegations in this paragraph.
6    39.    Answering paragraph 39 of the Second Amended Complaint, defendants deny
7 the allegations in this paragraph.
8    40.    Answering paragraph 40 of the Second Amended Complaint, defendants deny
9 the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

### QUALIFIED IMMUNITY

AS AND FOR A SEPARATE AFFIRMATIVE DEFENSE to the Second Amended Complaint and the causes of action asserted therein, defendants allege that the individually named defendants, as a public employees, are immune under the common law doctrine of qualified immunity.

### IMMUNITY

AS AND FOR A FURTHER, SEPARATE AFFIRMATIVE DEFENSE to the Second Amended Complaint and the causes of action asserted therein, defendants allege that they are immune from suit for damages under 42 U.S.C. Section 1983 under the Eleventh Amendment to the Constitution of the United States.

### FAILURE TO STATE A CAUSE OF ACTION

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Second Amended Complaint, defendants allege that plaintiff's Second Amended Complaint fails to state a cause of action against said defendants.

### STATUTE OF LIMITATIONS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Second Amended Complaint, defendants allege that plaintiff's causes of action are barred by California Code of Civil Procedure Section 335.1 and 340(c).

**THIRD PARTY NEGLIGENCE**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Second Amended Complaint, defendants allege that certain persons and entities not presently named in this action as plaintiffs or defendants were careless and negligent in and about the matters alleged in the Second Amended Complaint and that the carelessness and negligence on the part of said persons and entities proximately contributed to the happening of the incident and to plaintiff's injuries, and to plaintiff's loss and damages complained of, if any there were.

**PLAINTIFF'S COMPARATIVE NEGLIGENCE**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Second Amended Complaint, defendants deny any wrongdoing, negligence, or liability on their part. However, should it be determined that defendants are liable, then defendants further allege that plaintiff also contributed to his own injuries and losses, if any there were, and by virtue of the decision in the case of Li v. Yellow Cab Company (1975) 13 Cal.3d 804, defendants asks that any judgment entered against it be proportionally reduced to the extent that plaintiff's own negligence proximately contributed to his own injuries, death and/or losses, if any there were.

**FAILURE TO MITIGATE**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Second Amended Complaint, defendants alleges that plaintiff was bound to exercise reasonable care and diligence to avoid loss and to minimize damages, if any there were, and that the plaintiff may not recover for losses which could have been prevented by reasonable efforts on his part or by expenditures that they might reasonably have made.

**PRIVILEGED ACTS**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Second Amended Complaint, defendants allege that the acts set forth in the Amended are privileged.

**NO VIOLATION OF CONSTITUTIONAL RIGHTS**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Second Amended Complaint, defendants allege that plaintiff was not been deprived of any constitutional right, whether federal or state, at any time, as alleged herein.

### LAWFUL DETENTION

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Second Amended Complaint, defendants allege that the plaintiff was detained as the circumstances were such to indicate to a reasonable person in a like position that such a course of action was called for in the proper discharge of the officers' duties.  Plaintiff was lawfully detained incident to his lawful arrest.

### GOVERNMENT CODE §§820.2 and 815.2(b)

AS AND FOR A FURTHER SEPARATE, AFFIRMATIVE DEFENSE to the Second Amended Complaint, defendants allege that to the extent the acts complained of were within the discretion of public employees, defendants is immune from liability pursuant to the provisions of Government Code §§820.2 and 815.2(b).

### GOVERNMENT CODE §905

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Second Amended Complaint, defendants allege that plaintiff's action is barred to the extent that plaintiff has failed to comply with Government Code §905.

### GOVERNMENT CODE §900, ET SEQ.

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Second Amended Complaint, defendants allege that plaintiff's Amended exceeds the scope of his claim, both in respect to theories of liability asserted and to injuries and damages claimed.  It is therefore barred pursuant to Government Code § 900, et seq.

### GOOD FAITH IMMUNITY

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Second Amended Complaint, defendants allege that at all times relevant herein, defendants acted with a good faith belief that its actions were proper and lawful and did not violate clearly established law, and consequently, defendants is entitled to immunity.

### PUNITIVE DAMAGES

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Second Amended Complaint, defendants are immune from claims for punitive damages, pursuant to

California Government Code Section 818, and under federal law.

## CALIFORNIA GOVERNMENT CODE IMMUNITIES

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Amended Second Amended Complaint, defendants allege that it is immune from suit herein under applicable California immunity statutes, including, but not limited to, California Government Code §§ 815.2, 818, 818.2, 818.4, 818.8, 820.2, 820.4, 820.6, 820.8, 821, 821.2, 821.6, 821.8, and 822.2.

## WILLFUL CONTRIBUTORY NEGLIGENCE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Second Amended Complaint, defendants alleges that plaintiff was himself willfully careless and negligent in and about the matters alleged in the Amended and that said willful carelessness and negligence on said plaintiff's own part proximately contributed to the happening of the accident and to the injuries and to the loss and damages complained of, if any there were.

## AMOUNT OF FORCE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Second Amended Complaint, defendants allege that a police officer is entitled to use reasonable force and is not required to use the least amount of force necessary.

## USE OF FORCE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Second Amended Complaint, defendants allege that the force used was authorized and permitted under various sections of the Penal Code, including but not limited, §§835,835(a),836.5(b), and 843.

## MONELL

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Second Amended Complaint, defendants allege proof of random acts or isolated incidents of unconstitutional action by a non-policymaking police officer are insufficient to establish the existence of a municipal policy or custom.

//

## RATIFICATION

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Second Amended Complaint, defendants allege the Chief of Police's knowledge, if any, of the defendants officers' violations of plaintiff's constitutional rights does not mean that Chief of Police violated plaintiff's constitutional rights.  Rather, plaintiff must prove that the Chief of Police, through his own actions, violated plaintiff's constitutional rights.  Plaintiff must prove that defendants, in his capacity as the Chief of Police, undertook a course of action for the purpose of violating plaintiff's constitutional rights.

## TRAINING

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Second Amended Complaint, defendants allege the alleged inadequacy of police training may serve as the basis for §1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.

## PRAYER

WHEREFORE, defendants pray for relief as follows:

1. That plaintiff take nothing by this action;

2. That plaintiff's prayer for expenses, costs and attorneys fees be denied;

3. That plaintiff be required to pay defendants' reasonable attorney's fees and costs incurred in the defense of this action; and,

4. For any such relief that justice requires and this Court deems proper.

DATED:  November 12, 2014                    EDRINGTON, SCHIRMER & MURPHY LLP

By:      /s/
         Owen T. Rooney