OWEN T. ROONEY, ESQ. (Bar No. 127830)     [G.C. 6103]
EDRINGTON, SCHIRMER & MURPHY
The Terraces
2300 Contra Costa Blvd., Suite 450
Pleasant Hill, CA 94523
Telephone: (925) 827-3300

Attorney for Defendant
BAY AREA RAPID TRANSIT DISTRICT and
NOLAN PIANTA

John Houston Scott (SBN 72578)
Lizabeth N. de Vries (SBN 227215)
SCOTT LAW FIRM
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel:  (415) 561-9601
Fax:  (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net

Attorneys for Plaintiff,
MEGAN SHEEHAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO BRANCH

| | |
|---|---|
| MEGAN SHEEHAN,<br><br>        Plaintiff,<br><br>    v.<br><br>BAY AREA RAPID TRANSIT DISTRICT, NOLAN PIANTA, and DOES 1-20, inclusive.<br><br>        Defendants.<br>_____/ | Case No.  C14-03156 LB<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Date:** November 20, 2014<br>**Time:** 11: 00 a.m.<br>**Dept:** 15th Fl. Crtrm. C |

   Plaintiff Megan Sheehan and BART hereby jointly submit this Case Management Conference Statement and proposed Case Management Order pursuant to this Court's order, the FRCP, and the local rules.

## I. JURISDICTION AND SERVICE

Jurisdiction and venue is pursuant to 42 U.S.C. §§1983, 1985 and 1988, the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution as well as 28 U.S.C. §§1331 and 1341(3) and (4). Pursuant to the Court's pendent jurisdiction (28 U.S.C. §1367), claims pursuant to California state law are included in the subject Complaint.

BART is the only defendant that has appeared in this matter. Plaintiff recently filed a Second Amended Complaint which identified one other named individual defendant, Nolan Pianta, as well as Does 1-20. Counsel for BART accepted service on behalf of Officer Pianta and an Answer will be filed before the Case Management Conference.

## II. FACTS

**Plaintiff's Contentions:**

On March 17, 2014, female plaintiff Megan Sheehan was traveling on BART when she exited a train in Oakland, and, was arrested by BART PD Officer Trabinino. BART PD Officer Pianta transported her to the Santa Rita Jail. On route, Sheehan urinated in a police car.

Upon arrival at the Santa Rita Jail, in the booking area, BART PD Officer Pianta beat Sheehan until she lost consciousness. This beating caused plaintiff serious head injuries including but not limited to fracturing four of her cheek bones, splitting her molar, and cracking a front tooth. Sheehan was taken in an ambulance to Eden Medical Center in Castro Valley where Sheehan was treated and required hospital care and treatment for two days.

Eden's March 19, 2014 discharge papers identify her "final diagnoses" as follows:

Principal Problem:
    Fx Left orbital floor blowout
Active Problems:
    LOC (loss of consciousness)
Fx: Left maxillary depressed comminuted anterior wall, nondisplaced medial wall, displaced lateral wall
    Left orbital wall lateral displaced comminuted fx
    Fx: medial wall Right maxillary antrum
    Concussion with brief loss of consciousness
    Eyelid laceration
    Lip laceration

1   Plaintiff returned to Santa Rita Jail before being released on bail. No criminal charges
2   were filed against the plaintiff. Plaintiff submitted a tort claim to BART dated August 26, 2014.
3   **Defendant's Contentions:**
4   At approximately 6:30 p.m. on March 17, 2014 BART Police Officer Trabanino was on
5   patrol at the Lake Merritt BART station.  He was advised that an intoxicated subject, later
6   identified as plaintiff, was sitting on a bench in the BART station.   Plaintiff was unresponsive to
7   Officer Trabanino's comments.  He then checked for a pulse and at that point plaintiff woke up
8   and spoke with a slurred speech.  Officer Trabanino observed that plaintiff was obviously
9   intoxicated.  In response to the officer's question, plaintiff could not accurately identify her
10  location, believing that she was either at the Powell Street or Montgomery Street BART stations.
11  Plaintiff also had trouble retrieving her identification from her purse.  Officer Trabanino did not
12  feel plaintiff was able to care for her own safety.
13  Plaintiff became verbally argumentative and demanded that Officer Trabanino return her
14  "f***** ID".  When Officer Trabanino explained why he needed her identification, plaintiff said
15  "I'm actually a terrorist, so if you want to call the cops this would be a good time to do that."
16  Plaintiff admitted she had "like 4 shots" to drink.
17  Ignoring Officer Trabanino's instructions, plaintiff kept reaching into her purse and duffel
18  bag.   Plaintiff said that "there is a needle that will prick you."  At that point, plaintiff pushed
19  Officer Trabanino near his duty belt.  Plaintiff resisted Officer Trabanino's attempts to place her
20  in handcuffs.  Plaintiff continued to push away Officer Trabanino.
21  BART Officer Carrasco arrived to serve as a cover officer.  Due to plaintiff's resistance,
22  plaintiff was taken to the ground to be handcuffed.  Plaintiff continued to resist and struck
23  Officer Carrasco in the shoulder and kicked him in the face.  Ultimately plaintiff was handcuffed.
24  While they were escorting plaintiff to the escalator, plaintiff refused to walk any further, dropped
25  her weight to the ground and said "I'm not going upstairs, f*** no."
26  At approximately 8:00 p.m. that evening, BART Police Officer Pianta drove plaintiff to
27  Santa Rita jail for booking in connection with her having been arrested for violating Penal Code
28  §§ 148(a) (resisting and obstructing a police officer), 243(b) (battery on a police officer) and

1   647(f) (public intoxication.)  Upon arrival at Santa Rita jail, plaintiff said that she had urinated in
2   the back of the police car.  While being escorted to the entrance to the jail, plaintiff attempted to
3   press her buttocks up against Officer Pianta's leg in an attempt to transfer urine onto his pants;
4   Officer Pianta kept plaintiff at arm's length and thus, she was unsuccessful in this endeavor.
5       Plaintiff was initially compliant during the booking process.  However, her demeanor
6   changed and she threw a hair tie at Officer Pianta which struck the officer.  Inexplicably, plaintiff
7   then began looking through her purse and refused the officer's instructions to stop doing so.
8   Plaintiff attempted to pull the purse away from him.  Officer Pianta then placed plaintiff in an
9   arm bar control hold to gain compliance.  Plaintiff began resisting and attempted to punch the
10  officer.  Acting in self-defense, the officer used an arm bar takedown and guided plaintiff to the
11  ground.  Moments later the officer observed blood coming from plaintiff's facial area and
12  medical assistance was requested.  Plaintiff was then transferred to Eden Hospital where she was
13  treated.

**The principal factual issues in dispute according to the Defendant are**:

1. Whether plaintiff was publicly intoxicated;
2. Whether plaintiff acted confrontationally towards and resisted Officers Tarabanino, Carrasco and Pianta;
3. Whether Officer Pianta was justified in using force to defend himself against plaintiff's aggressive, belligerent and hostile conduct;
4. Whether the BART Police Dept. has adequate training and a pattern and policy of unconstitutional conduct;
5. Whether plaintiff was lawfully arrested;
6. Whether there was excessive force or is defendant entitled to qualified immunity;
7. The nature and extent of plaintiff's damages.

**The principal factual issues in dispute according to the Plaintiff are:**

1. Whether defendant used unreasonable force;
2. Whether the defendant's intent was to act to harm the plaintiff unrelated to a legitimate law-enforcement purpose;

4

Case No. C14-03156 LB – Joint Case Management Conference Statement

3. Whether BART's acts or omissions constituted deliberate indifference to plaintiff's Fourth and Fourteenth Amendment rights;

4. Whether BART's acts or omissions were the moving force causing a violation of plaintiff's Fourth and Fourteenth Amendment rights;

5. The nature and extent of plaintiff's damages, including punitive damages.

### III.   LEGAL ISSUES

**The primary legal issues in dispute according to defendant are:**

The legal issues as to BART Police Officer Pianta include whether plaintiff's civil rights were violated. With respect to the Federal civil rights claims, the legal issues include whether or not those rights were clearly established at the time of the incident and whether his actions were justified based on qualified immunity or other grounds.

1. Whether Officer Pianta was justified in using force to defend himself against plaintiff's aggressive and hostile conduct and whether he is entitled to qualified immunity;

2. Whether plaintiff acted confrontationally towards Officers Tarabanino, Carrasco and Pianta;

3. Whether plaintiff was lawfully arrested;

4. Whether the defendants entitled to qualified immunity;

5. Whether the BART Police Dept. has adequate training and a pattern and policy of unconstitutional conduct.

**The primary legal issues in dispute according to plaintiff are:**

1. Whether defendants violated plaintiff's Fourth Amendment rights by using excessive force;

2. Whether Officer Pianta used excessive force with a purpose to harm unrelated to any legitimate law-enforcement objective;

3. Whether BART can be liable for its officer's constitutional violations based on *Monell* and its progeny;

4. Whether any violations of the Fourth and Fourteenth Amendments triggers liability under Civil Code Section 52.1;

5

Case No. C14-03156 LB – Joint Case Management Conference Statement

1. 5. Whether defendants were negligent.

## IV.     MOTIONS

Defendant may file a Motion for Summary Judgment in this matter. Plaintiff intends on filing a motion for summary adjudication based on the video.

## V.     AMENDMENT OF PLEADINGS

Plaintiff has recently filed a Second Amended Complaint.

## VI.     EVIDENCE PRESERVATION

Plaintiff and defendant have made attempts to preserve all potentially relevant evidence pertaining to the incident.

## VII.     DISCLOSURES

The parties complied with the initial disclosure requirements under FRCP 26 and mutually exchanged disclosures on October 9, 2014.  Those disclosures include the names and all known phone numbers and current resident addresses of all eyewitnesses to the event. Disclosed in the parties' initial disclosure will be the anticipated testimony of the witnesses. Also disclosed will be a list and copy of all documents, videos or other evidence that the parties have and which pertain to liability, defenses and damages from the subject incident.  Further disclosed to the defendants will be the particular and itemized nature of the damages and the manner of their calculation as known to the plaintiff at this time.

## VIII.   DISCOVERY

The scope of anticipated discovery by both parties includes interrogatories, requests for production of documents and requests for admissions and depositions.  Upon completion of the Case Management Conference, discovery will commence with the above-noted written discovery and be followed by the depositions of the plaintiff, defendants and independent witnesses.

Discovery is expected on issues related to defendant's entitlement to use of force, history of excessive force, and plaintiff's claimed damages.

Rule 45 of the Federal Rules of Civil Procedure provides that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each

1  party." Fed. R. Civ. P. 45(b)(1). In light of this requirement, the parties request that the Case
2  Management Order provide that any subpoena be served on all parties contemporaneously with
3  the time that it is sent out for service on the non-party recipient.
4  In addition, the parties propose that the Case Management Order provide that the
5  response to any subpoena served by a party be provided to all parties to the matter without the
6  need for a discovery request.
7  *Service Upon Experts*. The parties propose that the Case Management Order provide
8  that counsel for the parties act as agents for the service of any document requests or subpoenas
9  for information from retained experts.

## IX. CLASS ACTION

This case is not a class action.

## X. RELATED CASES

There are no related cases.

## XI. RELIEF

Plaintiff seeks relief as follows:

1. Compensatory damages according to proof;
2. Special damages according to proof;
3. Punitive damages according to proof;
4. Attorney's fees according to proof;
5. Plaintiff seeks an injunctive order to remedy "unlawful practices."

## XII. SETTLEMENT AND ADR

Prospects for settlement are dependent upon the testimony of independent eyewitnesses. All parties have complied with Civil L.R. 16-8(b) regarding ADR certification. The parties have agreed to participate in the Early Neutral Evaluation (ENE) program.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have consented to Magistrate Judge Beeler.

//

## XIV. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a Special Master or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

Defendant is presently unaware of any issues that can be narrowed in any fashion. Plaintiff believes excessive force may be resolved by summary adjudication based on the video evidence of this assault. Defendant believes it is premature to opine on the expedition of evidence at trial and, that it is too soon to know if issues pertaining to liability can be resolved by a Motion for Summary Judgment and/or Summary Adjudication.  Defendant believes the issue of qualified immunity can be resolved by Summary Judgment. Plaintiff submits that her right to be free from punitive and unreasonable force has been long ago established in this Circuit and by the Supreme Court and on these facts this case cannot be resolve in its entirety on summary judgment.

## XVI. EXPEDITED SCHEDULE

This case is not suited for treatment on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

The parties propose the following schedule in this matter:

| Event | Proposed Deadline |
|---|---|
| Completion of non-expert discovery | TBD |
| Expert Disclosure Deadline | TBD |
| Rebuttal Expert Disclosure Deadline | TBD |
| Completion of Expert Discovery | TBD |
| Last Day to Hear Dispositive motions | TBD |
| File Pre-Trial Conference Statements | TBD |
| Pre-Trial Conference (subject to Court's availability) | TBD |
| Trial Date (subject to Court's availability) | TBD |

//

## XVIII. TRIAL

Both parties have requested a jury trial. Depending on what issues have been adjudicated prior to trial, it is anticipated trial will last 5 to 7 days.

## XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff has filed her "Certification of Interested Entities or Persons". No one known to plaintiff has a financial or other interest in the outcome of this proceeding. The parties are unaware of any persons, firms, partnerships, corporations, or other entities that have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

## XXI.   OTHER MATTERS

There are no items set forth in Civil L.R. 16-10 that have not been addressed above.

Dated:  November 13, 2014                    Respectfully submitted,

SCOTT LAW FIRM

By:  /s/Lizabeth N. de Vries
     Lizabeth N. de Vries
     Attorneys for Plaintiff

DATED:  November 13, 2014                EDRINGTON, SCHIRMER & MURPHY LLP

By:  /s/Owen T. Rooney
     Owen T. Rooney
     Attorneys for BART and NOLAN PIANTA

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

UNITED STATES DISTRICT/MAGISTRATE JUDGE