```
 1  John Houston Scott (SBN 72578)
    Lizbeth N. de Vries (SBN 227215)
 2  SCOTT LAW FIRM
    1388 Sutter Street, Suite 715
 3  San Francisco, CA 94109
    Tel:  (415) 561-9601
 4  Fax:  (415) 561-9609
    john@scottlawfirm.net
 5  liza@scottlawfirm.net

 6  Attorneys for Plaintiff,
    MEGAN SHEEHAN
 7
```

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| MEGAN SHEEHAN,<br><br>   Plaintiff,<br>v.<br><br>BAY AREA RAPID TRANSIT, NOLAN PIANTA, CITY OF OAKLAND, MICHAEL STOLZMAN, and DOES 1-20, inclusive.<br><br>   Defendants. | Case No.:  C 14-03156 LB<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>**[FRCP 15(a)(2); FRCP 16]**<br><br>Date:  May 28, 2015<br>Time:  9:30 a.m<br>Place:  Courtroom C, 15th Floor<br>Judge:  The Honorable Mag. Beeler |
|---|---|

### NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on **May 28, 2015 at 9:30 a.m**., or as soon thereafter as may be heard before Magistrate Judge Laura Beeler, at the United States District Court for the Northern District of California, Courtroom C, 15th Floor, 450 Golden Gate Avenue, San Francisco, California, Plaintiff Megan Sheehan will and hereby does move this Court for an order under Federal Rule of Civil Procedure ("FRCP") 15(a)(2) granting Sheehan leave to file a Third Amended Complaint to include two newly discovered parties as defendants, the City of Oakland and Michael Stolzman, an officer of the Oakland Police Department who plaintiff recently

- 1 -
NOTICE OF MOTION AND MOTION TO FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

discovered participated in the unnecessary take down initiated by defendant Nolan Pianta which caused her injuries. To grant leave would also require amending the scheduling order under FRCP 16 to extend the deadline to amend. This request is made with diligence and in good faith.

The motion for leave to amend is hereby made and based on this Notice of Motion and Motion, a Memorandum in support of this motion, the Declaration of Lizabeth N. de Vries, all of which are served and filed contemporaneously herewith, as well as the Court files herein, and any arguments and/or evidence presented at the time of the hearing.

### SUPPORTING MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO AMEND PLEADING

#### FACTS

This is an excessive-force case arising out of a take down at the Santa Rita Jail on March 17, 2014. Plaintiff filed this lawsuit on July 11, 2014 in a Complaint against BART and the County of Alameda, naming DOE defendants as her assailants, efiled as Dkt 1. She then amended to include the status of her state-tort claim against the County of Alameda, filing her First Amended Complaint as Dkt. 6 on July 25, 2014.

Thereafter, she obtained evidence which depicted how she received her injuries while in custody—a video taken by Santa Rita Jail. Plaintiff then engaged in pre-case-management discussions with BART and initial discovery to identify the person whom she believed was her assailant. She filed a Second Amended Complaint to name Nolan Pianta and dismiss the County of Alameda in Dkt. 20, filed on October 29, 2014.

On November 21, 2014, the Court issued a case-management order, Dkt. 27, setting forth the litigation schedule, including a deadline of December 22, 2014 to add new parties or amend the pleadings. In their initial disclosures, defendants turned over several videos from Oakland Police officers' cameras and documents relating to Pianta's report. Pianta's report describes the incident as follows, and, does not identify any other officer who participated in the take down:

> Sheehan had a hair tie that she was placing in her hair. I told her that jail staff would not let her into jail with the hair tie. Sheehan removed the hair tie from her hair, turned towards me, and threw it at me striking my hat which I was wearing on my head. I said to her, "Really?" She turned away from me and began looking through her purse which was

> on the counter. I ordered her to stop and I attempted to remove the purse from her reach. Once I grabbed the purse, Sheehan grabbed it and attempted to pull it away from me. I continually ordered her to "Let go" She did not comply. Sheehan began screaming and swearing at me. I grabbed on to Sheehan's left arm and placed her in an arm bar control hold in order to gain compliance. Oakland Police Officer M. Stolzman grabbed the purse and removed it from her grasp.
>
> While I had Sheehan in a control hold, she began pulling away from me. I pushed her up against the counter in order to gain better control of her. She suddenly turned towards me and began violently punching with a closed fist at my face. Her strikes appeared as though they were missing my face by inches. I ordered her to get on the ground and she continued her assaultive behavior of attempting to strike me in the face. To protect myself from her attack and to stop her attack on me, I used an arm bar take down and guided her to the ground. Upon guiding her to the ground she landed on her face and appeared to go unconscious. Moments later blood pooled onto the floor coming from her facial area. I placed her in the recovery position.

Nolan Police Report, at pages 2 of 3, **Exhibit A** to de Vries Decl. Nowhere in the materials disclosed by the defendants or discovery exchanged prior to the past month has any evidence suggests that another officer went hands-on with the plaintiff to cause her take down and injuries. Accordingly, plaintiff did not seek to amend her complaint within the deadline set by this Court.

After initial disclosures and preliminary written discovery, the plaintiff began taking depositions in 2015 and conducted additional discovery.

On or about March 27, 2015, defendants disclosed additional evidence to plaintiff which was referred to by a BART witness, Sergeant Steve Szopinski, at deposition on April 16, 2015. (Szopinski Depo at pp.s 83:6-19, **Exhibit B** to de Vries Declaration). Plaintiff took a recess to review some of this newly disclosed evidence. (*Id.* at 90). The videotape of OPD Officer Hight, excerpts of which are attached to the proposed Third Amended Complaint, is the most complete evidence to depict the take down which caused Sheehan's injuries. Before this video was disclosed, plaintiff incorrectly believed that Pianta *alone* caused Sheehan to be thrown to the floor, face first. But the Hight video reveals that OPD officer Michael Stolzman held Sheehan's right hand back while Pianta threw her to the ground and held her left hand back—preventing her from breaking her fall and causing her to get seriously injured.

NOTICE OF MOTION AND MOTION TO FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Counsel put on the deposition record of Szopinski that she intended to add new parties to this litigation. Counsel for BART, Pianta and the witness (all the same person) agreed to adjourn the deposition and stipulate to vacate all discovery deadlines until the new parties could participate in this case. However, defendants' counsel would not stipulate to plaintiff's filing the Third Amended Complaint.

On April 20, 2015, the parties submitted a stipulation to vacate all deadlines and notice that plaintiff would be filing this motion. On April 21, 2015, this Court set a new case-management conference in this matter to address these issues for May 28, 2015. Also on April 21, 2015, the parties participated in an ENE. Plaintiff now files this motion on April 22, 2015 to permit the hearing date to coincide with new conference date to preserve judicial resources.

Plaintiff now seeks leave of this Court to file a Third Amended Complaint to add these two newly discovered parties. A true and correct copy of the proposed pleading is attached as **Exhibit C** to the de Vries Declaration.

### ARGUMENT

Absent a stipulation, Sheehan must leave of court to file this amended pleading. FRCP 15(a)(2). Courts should freely grant leave to amend pleadings to promote the interests of justice. FRCP 15(a)(2); *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997). The circumstances justifying denial of leave to amend are limited. *Ynclan v. Depatment of Air Force*, 943 (F.2d 1388, 1391 (5th Cir. 1991). The United States Supreme Court has held that a court may deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of those factors are present here. Rather, it is plaintiff who will be prejudiced if she is not able to join these defendants to this action and has to initiate a new matter to pursue her rights as against them.

A party seeking to amend under FRCP 16 must show good cause, diligence, and comply with the local rules if that amendment requires altering the case-management schedule as it does

- 4 -

here. Northern District Local Rule 16-2; FED. R. CIV. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 6-07-10 (9th Cir. 1992). The circumstances supporting the request are set forth in the factual statement of this motion. Plaintiff did not and could not have discovered the existence of a video by an Officer Hight, whose video and identity she did not discover until late March 2015. Plaintiff's counsel conferred by email and in person at the ENE on April 21, 2015. *See,* Decl. de Vries. As ordered by this Court on April 21, 2015, the parties will submit a proposed revised case-management schedule in preparation for the hearing on May 28, 2015. The parties already participated in an Early Neutral Evaluation, the only form of ADR to which defendants agreed, on April 21, 2015. The plaintiff is amenable to participating in other forms of ADR with these or the new defendants.

Plaintiff does not believe that the other deadlines in the current schedule could be met because discovery should not be conducted and therefore completed by May 7, 2015 without all necessary parties present and participating if they so choose. Moreover, plaintiff will be prepared to try this case early in 2016 at the Court's earliest convenience. Plaintiff requests a case-management conference be set once all parties have appeared in this matter to set these new dates.

Granting the instant motion will promote the interests of justice. Plaintiff has been diligent in seeking this leave and adjudicating the matter in one forum against all defendants. Good cause is show because pursuing all parties in one form complies with California's primary-rights doctrine and the prohibition against splitting a cause of action. Permitting this amendment based on diligence and good cause will save the parties and this Court time, effort, and expense.

## CONCLUSION

For the reasons set forth herein, plaintiff respectfully requests leave to file her Third Amended Complaint.

Respectfully submitted,

**SCOTT LAW FIRM**

Dated: April 22, 2015        /s/ Lizabeth N. de Vries
                             Lizabeth N. de Vries
                             Attorney for Plaintiff

- 5 -

NOTICE OF MOTION AND MOTION TO FOR LEAVE TO FILE THIRD AMENDED COMPLAINT