John Houston Scott (SBN 72578)
Lizbeth N. de Vries (SBN 227215)
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel:  (415) 561-9601
Fax: (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net

Attorneys for Plaintiff,
MEGAN SHEEHAN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MEGAN SHEEHAN<br><br>    Plaintiff,<br>v.<br><br>BAY AREA RAPID TRANSIT, NOLAN PIANTA, CITY OF OAKLAND, MICHAEL STOLZMAN, and DOES 1-20, inclusive.<br><br>    Defendants. | Case No.: C 14-03156 LB<br><br>**THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>[42 U.S.C. § 1983; Cal. Civ. Code § 52.1]<br><br>***JURY TRIAL DEMANDED*** |

PLAINTIFF MEGAN SHEEHAN complains of Defendants and alleges as follows:

**JURISDICTION AND VENUE**

1.   This action arises under 42 U.S.C. §1983. Jurisdiction is conferred by virtue of 28 U.S.C. §§ 1331 and 1343. Supplemental jurisdiction for Cal. Civ. Code § 52.1 is authorized under 28 U.S.C. § 1367.

2.   The conduct alleged herein occurred in Alameda County. Venue of this action lies in the United States District Court for the Northern District of California.

**PARTIES**

3. At all relevant times, plaintiff Megan Sheehan resided in the City and County of San Francisco, California.

4. Defendant Bay Area Rapid Transit ("BART") was a public agency organized and existing under the laws of the State of California which includes the BART Police Department.

5. Defendant Nolan Pianta was an officer working for the BART Police Department, acting within the course and scope of his employment, under color of law, at all relevant times.

6. Defendant the City of Oakland was a public agency organized and existing under the laws of the State of California which includes the Oakland Police Department (referred to collectively as the "OPD").

7. Defendant Michael Stolzman was an officer working for the OPD, acting within the course and scope of his employment, under color of law, at all relevant times.

8. Plaintiff does not presently know the true names and capacities of defendants DOES 1 through 20, inclusive, and therefore sues them by these fictitious names. Plaintiff is informed and believes that DOES 1 through 20, and each of them, were responsible in some manner for the acts or omissions alleged herein. Plaintiff will seek leave to amend this Complaint to add their true names and capacities when they have been ascertained.

9. In doing the acts and/or omissions alleged herein, defendants and each of them acted under color of authority and/or under color of state law, and, in concert with each other.

**STATEMENT OF FACTS**

10. On March 17, 2014, female plaintiff Megan Sheehan was celebrating St. Patrick's Day when she fell asleep on a BART bench. A BART police officer woke her up. Subsequently BART police officers determined Ms. Sheehan needed to be placed in custody to keep her "safe" because Sheehan was extremely intoxicated.

11. Defendant Pianta was assigned to transport Sheehan to the Santa Rita Jail. On route, Sheehan urinated in the police car. Plaintiff alleges on information and belief that while walking from the car to the booking area, Sheehan attempted to wipe the urine off her pants onto Pianta's.

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

12. After arriving at the Santa Rita Jail and being prepared for booking, Sheehan was placed on a bench for several minutes in the booking area. There were at least four police officers in uniform in the room.

13. The facts and circumstances of the use of force which ensued were captured on several video cameras: (1) video footage captured by the Santa Rita Jail; (2) video footage taken by OPD Officer Stolzman; and (3) video footage taken by OPD Hight. True and correct copies of excerpts of those three videos are attached hereto on one disk, marked respectively as **Exhibits 1, 2, and 3.**

14. Plaintiff incorporates **Exhibits 1, 2 and 3** in this Third Amended Complaint in full and by reference for all purposes.

15. Pianta searched Sheehan's purse. Then Sheehan approached the booking window and Pianta removed her handcuffs. Sheehan then adjusted her pants and put her hair in a ponytail. On information and belief, Pianta said Sheehan may not bring the ponytail holder into the jail.

16. The video taken by OPD Officer Hight shows Sheehan removing the elastic ponytail holder from her hair, turning around, and flicking it at Pianta, in front of his peers. In response, he said "Really?" Pianta did not tell Sheehan this, but he intended to add this ponytail-holder flick as an additional charge for battery against a police officer at later time. Less than thirty seconds later, Pianta approached Sheehan and put her left wrist in a pain-compliance hold. Sheehan yelled "Don't touch me like that!" Seconds later, defendant Michael Stolzman took her purse and restrained her right arm. Then Pianta and Stolzman, in a coordinated effort, forced Sheehan to the ground, face first, depriving her of the ability to break her fall with either hand.

17. This unnecessary take down caused Sheehan serious head injuries including but not limited to fracturing four of her cheek bones, splitting her molar, and cracking a front tooth. A true and correct copy of a photograph of her injuries, taken by Pianta, is attached as **Exhibit 4**.

18. Sheehan was taken in an ambulance to Eden Medical Center in Castro Valley where Sheehan was treated and required hospital care and treatment for two days.

19. Eden's March 19, 2014 discharge papers identify her "final diagnoses" as follows:

Principal Problem:
    Fx Left orbital floor blowout

- 3 -

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Active Problems:
    LOC (loss of consciousness)
    Fx: Left maxillary depressed comminuted anterior wall, nondisplaced medial wall, displaced lateral wall
    Left orbital wall lateral displaced communited fx
    Fx: medial wall Right maxillary antrum
    Concussion with brief loss of consciousness
    Eyelid laceration
    Lip laceration

20. Plaintiff returned to Santa Rita Jail before being released on bail.

21. No criminal charges were ever filed against the plaintiff.

22. Plaintiff submitted a tort claim to BART dated August 26, 2014.

## STATEMENT OF DAMAGES

23. As a result of the acts and/or omissions of defendants, and each of them, plaintiff suffered and will continue to suffer general damages including pain and suffering, fear, anxiety, humiliation, and emotional distress in an amount to be determined according to proof. Plaintiff also received serious permanent physical injuries which impact her quality of life and daily life activities in an amount to be determined according to proof.

24. Plaintiff has also incurred and will continue to incur medical and dental treatment and related expenses in amounts to be determined according to proof.

25. Plaintiff has further suffered lost wages and employment opportunities in amounts to be determined according to proof.

26. The acts and/or omissions of Nolan Pianta and Michael Stolzman were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of the plaintiff, who seeks punitive and exemplary damages against these individuals according to proof.

27. Plaintiff has retained private counsel to represent her in this matter and will seek an award of attorneys' fees and costs as permitted by law.

## CAUSES OF ACTIONS
### FIRST CAUSE OF ACTION
[42 U.S.C. §1983—Fourth Amendment]

28. Plaintiff re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

29. Plaintiff alleges on information and belief that the Pianta and Stolzman were acting under color of state law and in the course and scope of their employment.

30. In doing the acts and/or omissions alleged herein, Pianta and Stolzman used intentional and unreasonable force against Megan Sheehan in violation of her rights under the Fourth Amendment to the United States Constitution.

31. Defendants' use of excessive force was a substantial factor in causing plaintiff's harm.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
[42 U.S.C. §1983—Fourteenth Amendment]

32. Plaintiff re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

33. In doing the acts and/or omissions alleged herein, Pianta and Stolzman were deliberately indifferent to plaintiff's health and safety in violation of the Fourteenth Amendment to the United States Constitution. Alternatively, these defendants acted with a purpose to harm the plaintiff, unrelated to any legitimate police purpose.

34. Defendants' use of punitive excessive force was a substantial factor in causing plaintiff's harm.

WHEREFORE, plaintiff prays for relief as set forth herein.

### THIRD CAUSE OF ACTION
[42 U.S.C. §1983—*Monell* Liability]

35. Plaintiff re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

36. Municipal defendants BART and the OPD were responsible for ensuring the health and safety of the individuals placed in their custody. This included but was not limited to protecting those in custody from excessive or punitive uses of force.

37. BART has determined this use of force was within its policy.

38. Plaintiff alleges on information and belief that the acts or omissions of Pianta and Stolzman were caused by the municipal defendants': (1) customs or *de facto* policies which authorized, encouraged and/or condoned using excessive or punitive force in violation of the Fourth and/or Fourteenth Amendments to the United States Constitution; and/or (2) failure to promulgate appropriate policies with respect to the use of excessive or punitive force; and/or (3) deliberate indifference to the use of excessive or punitive force; and/or (4) inadequate and arbitrary training, supervision, and/or discipline of officers regarding the use of force; and/or (5) ratification by final decision-makers. These failures and actions constituted deliberate indifference to the municipal defendants' obligation to insure the preservation and protection of an individual's Constitutional rights.

39. Plaintiff alleges on information and belief that the municipal defendants knew or should have known that its acts and omissions would likely result in a violation of the Fourth and Fourteenth Amendment rights of a person in Sheehan's situation.

40. Plaintiff alleges on information and belief that the municipal defendants' acts and omissions were a moving force in the deprivation of Ms. Sheehan's constitutional rights and injuries she suffered.

WHEREFORE, plaintiff prays for relief as set forth herein.

**FOURTH CAUSE OF ACTION**
[Cal. Civ. Code §52.1 as against Nolan Pianta and BART]

41. Plaintiff re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

42. In doing the acts and/or omissions alleged herein, Pianta and BART through *respondeat superior* committed acts of violence against Sheehan in violation of her rights under the Fourth Amendment and Fourteenth Amendment to the United States Constitution.

43. Defendants' conduct was a substantial factor in causing plaintiff's harm.

WHEREFORE, plaintiff prays for relief as set forth herein.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, as follows.

1. For compensatory and economic damages according to proof;

2. For general damages according to proof;

3. For an award of punitive and exemplary damages against individual defendants according to proof;

4. For an award of attorneys' fees and costs;

5. Injunctive relief to remedy the unlawful practices alleged herein; and,

6. For other and further relief as the Court may deem just, necessary and appropriate.

### JURY TRIAL DEMAND

Plaintiff hereby requests a jury trial on all issues so triable.

**RESPECTFULLY SUBMITTED,**

Dated: May 12, 2015

/s/ Lizabeth N. de Vries
Lizabeth N. de Vries
Attorney for Plaintiff

# EXHIBITS 1, 2 & 3



# EXHIBIT 4

