OWEN T. ROONEY, ESQ. (Bar No. 127830) [G.C. 6103]
EDRINGTON, SCHIRMER & MURPHY
The Terraces
2300 Contra Costa Blvd., Suite 450
Pleasant Hill, CA  94523
Telephone:  (925) 827-3300

Attorney for Defendants
BAY AREA RAPID TRANSIT DISTRICT
and NOLAN PIANTA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO BRANCH

| | |
|---|---|
| MEGAN SHEEHAN,<br><br>    Plaintiff,<br><br>  v.<br><br>BAY AREA RAPID TRANSIT DISTRICT,<br>NOLAN PIANTA, and DOES1-20, inclusive.<br><br>    Defendants.<br>_____/ | Case No.  C14-03156 LB<br><br>**DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT - JURY TRIAL DEMANDED** |

**JURY TRIAL DEMAND**

Defendants hereby demand a jury trial in this case.

**ANSWER**

COMES NOW defendants BAY AREA RAPID TRANSIT DISTRICT and NOLAN PIANTA and in answer to plaintiff's Third Amended Complaint, for damages responds as follows:

1.      Answering paragraph 1 of the Third Amended Complaint, defendants admit jurisdiction is proper in this Court.

2.      Answering paragraph 2 of the Third Amended Complaint, defendants admit venue is proper in this Court.

3.      Answering paragraph 3 of the Third Amended Complaint, defendants respond

1

Case No. C14-03156 LB – Answer to Third Amended Complaint - Jury Trial Demanded

that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them

4. Answering paragraph 4 of the Third Amended Complaint, defendants admit the allegations in this paragraph.

5. Answering paragraph 5 of the Third Amended Complaint, defendants admit the allegations in this paragraph.

6. Answering paragraph 6 of the Third Amended Complaint, defendants respond that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them.

7. Answering paragraph 7 of the Third Amended Complaint, defendants respond that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them.

8. Answering paragraph 8 of the Third Amended Complaint, defendants respond that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them.

9. Answering paragraph 9 of the Third Amended Complaint, defendant BART admits that it employed Officer Pianta. Defendants deny that they acted on concert with the City of Oakland and/or Michael Stolzman.

10. Answering paragraph 10 of the Third Amended Complaint, defendants admit that plaintiff was celebrating St. Patrick's Day and that she was unable to care for her own safety because she was extremely intoxicated. Defendants admit the remaining allegations in this paragraph.

11. Answering the first sentence in paragraph 11 of the Third Amended Complaint, defendants admit the allegations in this paragraph.

12. Answering paragraph 12 of the Third Amended Complaint, defendants admit that plaintiff was initially placed on a bench in the booking area. Defendants admit that there were Oakland police officers in the booking area.

13. Answering paragraph 13 of the Third Amended Complaint, defendants admit the

allegations in this paragraph.

14. Answering paragraph 14 of the Third Amended Complaint, defendants respond that the subject video is the subject of a protective order and should not be made a public document.

15. Answering paragraph 15 of the Third Amended Complaint, defendants admit the allegations in this paragraph.

16. Answering paragraph 16 of the Third Amended Complaint, defendants admit the first five sentences of this paragraph although the Third Amended Complaint failed to state that plaintiff reached for her purse, ignored Officer Pianta's commands and threw a punch at Officer Pianta. Defendants deny that Pianta and Stolzman acted in a "coordinated effort" as alleged in the sixth sentence in this paragraph.

17. Answering paragraph 17 of the Third Amended Complaint, defendants deny there was an "unnecessary take down" as alleged in this paragraph. Regarding the remaining allegation in paragraph 17 of the Third Amended Complaint, defendants respond that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them.

18. Answering paragraph 18 of the Third Amended Complaint, defendants respond that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them.

19. Answering paragraph 19 of the Third Amended Complaint, defendants respond that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them.

20. Answering paragraph 20 of the Third Amended Complaint, defendants admit the allegations in this paragraph.

21. Answering paragraph 21 of the Third Amended Complaint, defendants respond that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them.

22. Answering paragraph 22 of the Third Amended Complaint, defendants respond that it lacks sufficient information to admit the allegations in this paragraph and therefore

1 denies them.

2    23.    Answering paragraph 23 of the Third Amended Complaint, defendants deny the
3 allegations in this paragraph.

4    24.    Answering paragraph 24 of the Third Amended Complaint, defendants deny the
5 allegations in this paragraph.

6    25.    Answering paragraph 25 of the Third Amended Complaint, defendants deny the
7 allegations in this paragraph.

8    26.    Answering paragraph 26 of the Third Amended Complaint, defendants deny the
9 allegations in this paragraph.

10    27.    Answering paragraph 27 of the Third Amended Complaint, defendants deny the
11 allegations in this paragraph.

12    28.    Answering paragraph 28 of the Third Amended Complaint, defendants deny the
13 allegations in this paragraph.

14    29.    Answering paragraph 29 of the Third Amended Complaint, defendants admit
15 that Officer Pianta was in the course and scope of his employment.   Defendants respond that it
16 lacks sufficient information to admit the remaining allegations in this paragraph and therefore
17 denies them.

18    30.    Answering paragraph 30 of the Third Amended Complaint, defendants deny that
19 Officer Pianta used "intentional and unreasonable force."  Defendants respond that it lacks
20 sufficient information to admit the remaining allegations in this paragraph and therefore denies
21 them.

22    31.    Answering paragraph 31 of the Third Amended Complaint, defendants deny the
23 allegations in this paragraph.

24    32.    Answering paragraph 32 of the Third Amended Complaint, defendants deny that
25 Officer Pianta was "deliberately indifferent" and/or "acted with a purpose to harm."
26 Defendants respond that it lacks sufficient information to admit the remaining allegations in
27 this paragraph and therefore denies them.

28    33.    Answering paragraph 33 of the Third Amended Complaint, defendants deny the

4

1 | allegations in this paragraph.

2 |     34.    Answering paragraph 34 of the Third Amended Complaint, defendants admit
3 | that deny the allegations in this paragraph.

4 |     35.    Answering paragraph 35 of the Third Amended Complaint, defendants deny the
5 | allegations in this paragraph.

6 |     36.    Answering paragraph 36 of the Third Amended Complaint, defendants deny the
7 | allegations in this paragraph.

8 |     37.    Answering paragraph 37 of the Third Amended Complaint, defendants admit the
9 | allegations in this paragraph.

10 |     38.    Answering paragraph 38 of the Third Amended Complaint, as to Officer
11 | Pianta's actions, defendants deny the allegations in this paragraph.  Defendants respond that it
12 | lacks sufficient information to admit the remaining allegations in this paragraph and therefore
13 | denies them.

14 |     39.    Answering paragraph 39 of the Third Amended Complaint, defendants deny the
15 | allegations in this paragraph.

16 |     40.    Answering paragraph 40 of the Third Amended Complaint, defendants deny the
17 | allegations in this paragraph.

18 |     41.    Answering paragraph 41 of the Third Amended Complaint, defendants deny the
19 | allegations in this paragraph.

20 |     42.    Answering paragraph 42 of the Third Amended Complaint, defendants deny the
21 | allegations in this paragraph.

22 |     43.    Answering paragraph 43 of the Third Amended Complaint, defendants deny the
23 | allegations in this paragraph.

## **AFFIRMATIVE DEFENSES**

## **QUALIFIED IMMUNITY**

26 |     AS AND FOR A SEPARATE AFFIRMATIVE DEFENSE to the Third Amended
27 | Complaint and the causes of action asserted therein, defendants allege that the individually
28 | named defendants, as a public employees, are immune under the common law doctrine of

5

qualified immunity.

## IMMUNITY

AS AND FOR A FURTHER, SEPARATE AFFIRMATIVE DEFENSE to the Third Amended Complaint and the causes of action asserted therein, defendants allege that they are immune from suit for damages under 42 U.S.C. Section 1983 under the Eleventh Amendment to the Constitution of the United States.

## FAILURE TO STATE A CAUSE OF ACTION

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Third Amended Complaint, defendants allege that plaintiff's Third Amended Complaint fails to state a cause of action against said defendants.

## STATUTE OF LIMITATIONS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Third Amended Complaint, defendants allege that plaintiff's causes of action are barred by California Code of Civil Procedure Section 335.1 and 340(c).

## THIRD PARTY NEGLIGENCE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Third Amended Complaint, defendants allege that certain persons and entities not presently named in this action as plaintiffs or defendants were careless and negligent in and about the matters alleged in the Third Amended Complaint and that the carelessness and negligence on the part of said persons and entities proximately contributed to the happening of the incident and to plaintiff's injuries, and to plaintiff's loss and damages complained of, if any there were.

## PLAINTIFF'S COMPARATIVE NEGLIGENCE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Third Amended Complaint, defendants deny any wrongdoing, negligence, or liability on their part. However, should it be determined that defendants are liable, then defendants further allege that plaintiff also contributed to his own injuries and losses, if any there were, and by virtue of the decision in the case of Li v. Yellow Cab Company (1975) 13 Cal.3d 804, defendants asks that any judgment entered against it be proportionally reduced to the extent that plaintiff's own

negligence proximately contributed to his own injuries, death and/or losses, if any there were.

### FAILURE TO MITIGATE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Third Amended Complaint, defendants alleges that plaintiff was bound to exercise reasonable care and diligence to avoid loss and to minimize damages, if any there were, and that the plaintiff may not recover for losses which could have been prevented by reasonable efforts on his part or by expenditures that they might reasonably have made.

### PRIVILEGED ACTS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Third Amended Complaint, defendants allege that the acts set forth in the Amended are privileged.

### NO VIOLATION OF CONSTITUTIONAL RIGHTS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Third Amended Complaint, defendants allege that plaintiff was not been deprived of any constitutional right, whether federal or state, at any time, as alleged herein.

### LAWFUL DETENTION

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Third Amended Complaint, defendants allege that the plaintiff was detained as the circumstances were such to indicate to a reasonable person in a like position that such a course of action was called for in the proper discharge of the officers' duties.  Plaintiff was lawfully detained incident to his lawful arrest.

### GOVERNMENT CODE §§820.2 and 815.2(b)

AS AND FOR A FURTHER SEPARATE, AFFIRMATIVE DEFENSE to the Third Amended Complaint, defendants allege that to the extent the acts complained of were within the discretion of public employees, defendants is immune from liability pursuant to the provisions of Government Code §§820.2 and 815.2(b).

### GOVERNMENT CODE §905

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Third Amended Complaint, defendants allege that plaintiff's action is barred to the extent that

1  plaintiff has failed to comply with Government Code §905.

2  **GOVERNMENT CODE §900, ET SEQ.**

3  AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Third
4  Amended Complaint, defendants allege that plaintiff's Amended exceeds the scope of his
5  claim, both in respect to theories of liability asserted and to injuries and damages claimed.  It is
6  therefore barred pursuant to Government Code § 900, et seq.

7  **GOOD FAITH IMMUNITY**

8  AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Third
9  Amended Complaint, defendants allege that at all times relevant herein, defendants acted with a
10  good faith belief that its actions were proper and lawful and did not violate clearly established
11  law, and consequently, defendants is entitled to immunity.

12  **PUNITIVE DAMAGES**

13  AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Third
14  Amended Complaint, defendants are immune from claims for punitive damages, pursuant to
15  California Government Code Section 818, and under federal law.

16  **CALIFORNIA GOVERNMENT CODE IMMUNITIES**

17  AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the
18  Amended Third Amended Complaint, defendants allege that it is immune from suit herein
19  under applicable California immunity statutes, including, but not limited to, California
20  Government Code §§ 815.2, 818, 818.2, 818.4, 818.8, 820.2, 820.4, 820.6, 820.8, 821, 821.2,
21  821.6, 821.8, and 822.2.

22  **WILLFUL CONTRIBUTORY NEGLIGENCE**

23  AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Third
24  Amended Complaint, defendants alleges that plaintiff was himself willfully careless and
25  negligent in and about the matters alleged in the Amended and that said willful carelessness and
26  negligence on said plaintiff's own part proximately contributed to the happening of the accident
27  and to the injuries and to the loss and damages complained of, if any there were.

28  ///

**AMOUNT OF FORCE**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Third Amended Complaint, defendants allege that a police officer is entitled to use reasonable force and is not required to use the least amount of force necessary.

**USE OF FORCE**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Third Amended Complaint, defendants allege that the force used was authorized and permitted under various sections of the Penal Code, including but not limited, §§835,835(a),836.5(b), and 843.

**MONELL**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Third Amended Complaint, defendants allege proof of random acts or isolated incidents of unconstitutional action by a non-policymaking police officer are insufficient to establish the existence of a municipal policy or custom.

**RATIFICATION**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Third Amended Complaint, defendants allege the Chief of Police's knowledge, if any, of the defendants officers' violations of plaintiff's constitutional rights does not mean that Chief of Police violated plaintiff's constitutional rights.  Rather, plaintiff must prove that the Chief of Police, through his own actions, violated plaintiff's constitutional rights.  Plaintiff must prove that defendants, in his capacity as the Chief of Police, undertook a course of action for the purpose of violating plaintiff's constitutional rights.

**TRAINING**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Third Amended Complaint, defendants allege the alleged inadequacy of police training may serve as the basis for §1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.

**PRAYER**

WHEREFORE, defendants pray for relief as follows:

1. That plaintiff take nothing by this action;

2. That plaintiff's prayer for expenses, costs and attorneys fees be denied;

3. That plaintiff be required to pay defendants' reasonable attorney's fees and costs incurred in the defense of this action; and,

4. For any such relief that justice requires and this Court deems proper.

DATED:  May 26, 2015                    EDRINGTON, SCHIRMER & MURPHY LLP

                                        By:      /s/
                                              Owen T. Rooney